**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2907
_____

EVANS FANOR,
                              Appellant

v.

OFFICER CARLOS ALVARADO, individually and in his capacity as an officer with the
Newark Police Department; NEWARK POLICE DEPARTMENT; CITY OF NEWARK

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 05-cv-05536)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit LAR 34.1
August 13, 2010

Before: RENDELL, HARDIMAN and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 13, 2010)
_____

OPINION
_____

PER CURIAM

    Evans Fanor, proceeding <u>pro</u> <u>se</u>, appeals a judgment of the United States District

Court for the District of New Jersey in favor of Officer Carlos Alvarado, the City of

Newark, New Jersey, and the Newark Police Department in his civil rights action.  We

will affirm.

Fanor was employed as a patient advocate in a hospital emergency room. In March 2004, a nurse asked Officer Alvarado, who brought prisoner-patients to the hospital, to move away while she treated a patient. Officer Alvarado would not do so and his superior was contacted. According to Fanor, Officer Alvarado became belligerent. Fanor claimed that, after this incident, Officer Alvarado belittled him when he brought prisoners to the hospital. Officer Alvarado denies harassing Fanor.

On May 8, 2004, Fanor told Officer Alvarado, who was talking on his cell phone, to get off of his phone because Fanor believed that cell phones were prohibited in the area where Officer Alvarado was talking. The parties dispute what happened next. Fanor alleged that Officer Alvarado poked him, grabbed him and pinched his skin, and twisted his arm in order to handcuff him. Officer Alvarado stated that Fanor approached him in a hostile, threatening manner and would not stop yelling after he warned Fanor to stop. Officer Alvarado arrested Fanor on charges of terroristic threats, obstruction of administration of the law, resisting arrest, and disorderly conduct. The disorderly conduct charge was dismissed in municipal court. Fanor was not indicted on the other charges.

Fanor filed a pro se complaint against Officer Alvarado pursuant to 42 U.S.C. § 1983, raising claims of false arrest, false imprisonment, malicious prosecution, and use of excessive force. He also claimed that the City of Newark and the Newark Police Department had a policy or custom of supporting any action taken by its officers, that the

2

City and Police Department had knowledge of prior similar incidents involving Officer Alvarado, and that the City and Police Department failed to train, discipline, or control its personnel.

The District Court granted summary judgment in favor of Officer Alvarado on Fanor's excessive force claim, explaining that the pokes and pinch Fanor allegedly suffered did not constitute excessive force. The District Court also ruled that the City of Newark and the Newark Police Department were entitled to summary judgment on Fanor's municipal liability claims. The District Court explained that Fanor had not identified a policy of deliberate indifference to constitutional rights and that the evidence established that complaints against police officers for excessive force are investigated. The District Court further found that whether Officer Alvarado had probable cause to arrest Fanor was a question for the jury. Fanor's remaining claims proceeded to trial and the jury returned a verdict in favor of Officer Alvarado. This appeal followed.[1]

Although Fanor has not included in his brief a statement of issues for our review, he primarily argues that the District Court improperly excluded evidence at trial. The District Court granted Officer Alvarado's motions in limine to exclude certain evidence and we review these rulings for abuse of discretion. Forrest v. Beloit Corp., 424 F.3d

---

[1]Fanor also filed a motion for a mistrial, which the District Court construed as motion for relief from the judgment. The District Court rejected Fanor's argument that a new trial was warranted because he mentioned a settlement offer in his closing statement. Fanor has not appealed the District Court's post-judgment order or raised an issue as to his closing statement in his brief. Thus, we will not consider this question.

344, 349 (3d Cir. 2005).

Fanor contends that Officer Alvarado's Internal Affairs file, which purportedly contained evidence showing his prior use of excessive force, was improperly excluded at trial. The use of excessive force, however, was not at issue at trial as the District Court granted summary judgment in favor of Officer Alvarado on this claim. Fanor also does not dispute the District Court's finding that Officer Alvarado was exonerated in the alleged prior incidents. Because the Internal Affairs file was not relevant to the issues before the jury, the District Court did not abuse its discretion in granting Officer Alvarado's motion to exclude this evidence.

Fanor also argues that his expert medical reports, expert medical witnesses, and evidence of his injuries were excluded at trial and that the jury was unable to get a clear picture of his injuries resulting from his encounter with Officer Alvarado. As noted above, Fanor's excessive force claim was not before the jury at trial. Moreover, the medical records Fanor submitted pertain to treatment he received in 2006 and 2007, two years after the incident at issue. The records excluded by the District Court do not state that Fanor's medical issues are related to the incident with Officer Alvarado. Fanor has not shown that the District Court abused its discretion in granting Officer Alvarado's motion to exclude this evidence.

Fanor further contends that statements by Nurse Robert Roshetar, Security Officer Ellis Haynes, and hospital employee Maria Romero, which conflicted with their trial

4

testimony, were improperly excluded at trial and that, as a result, he was precluded from effectively cross-examining these witnesses. This argument lacks merit. The District Court's order granting Officer Alvarado's motion in limine provides that the statements of these witnesses would not be admitted into evidence "but may be used to refresh a witnesses [sic] recollection or to impeach credibility." 5/20/08 Order at 2. Thus, Fanor was not precluded from cross-examining these witnesses with their prior statements.

Similarly, Fanor argues that the police report of Officer Lijo was improperly excluded at trial. He states that Officer Lijo testified that he did not hear Fanor threaten Officer Alvarado, but his police report states otherwise. Officer Lijo's report is not encompassed by the District Court's order granting Officer Alvarado's motion in limine and Fanor has not cited to the portion of the record excluding the report. To the extent the report was excluded, Fanor has not shown that he was precluded from impeaching Officer Lijo's credibility with the report. It is also unclear why Fanor complains about the exclusion of this evidence, which would appear to have been detrimental to his case.[2]

Fanor also contends that several improprieties occurred at trial. First, Fanor states that Officer Alvarado and his attorney improperly conferred with his witnesses, Officer

_____

[2]Fanor has filed a motion to expand the record to include Officer Lijo's report. Fanor asserts in his brief that the District Court Clerk's Office failed to file the report. Fanor's assertion is unsupported and this motion is denied. Fanor's motion to expand the record to include a report by Officer Ellis Haynes is also denied. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) (noting court cannot consider material on appeal that is outside district court record).

Ellis Haynes and Nurse Roshetar, before they testified. The record reflects that on the second day of trial, Fanor called to the court's attention that Officer Alvarado was speaking with witnesses before they came into the courtroom. 6/4/08 Trans. at 3-4. The District Court told Fanor that he could cross-examine Officer Alvarado on that point, but Fanor apparently chose not to do so. Fanor has not explained how he was prejudiced nor has he shown that the District Court abused its discretion.

Fanor further states that he was precluded from providing his witness, Charles Cohen, a copy of his statement or his deposition transcript before he testified. The record does not reflect that Fanor was precluded from doing so. In addition, to the extent Fanor complains that he was not permitted to provide Cohen his statement when he testified, the District Court stated in its order granting Officer Alvarado's motion in limine that Cohen's statement could be used to refresh his recollection or to impeach his credibility. See 5/20/08 Order at 2.

Fanor also asserts that, while one of his witnesses was testifying, Officer Lijo entered the courtroom, conferred with Officer Alvarado's attorney, and then sat for a period of time in the courtroom. Fanor states that Officer Lijo left the courtroom when he was about to bring the matter to the court's attention. To the extent Fanor has not waived this claim by failing to raise it in District Court, the record reflects that the District Court granted Fanor's request to sequester the witnesses. Fanor, however, has not shown that he was prejudiced by Officer's Lijo's alleged presence in the courtroom or that he is

6

entitled to relief on this basis.

Fanor also does not appear to have raised in District Court his argument in his brief that the District Court improperly changed the order of his witnesses and confused the jury. Rather, Fanor appears to have agreed that the defense could present its witnesses before he presented Officer Alvarado so that the witnesses would not have to be there longer than necessary. 6/4/08 Trans. at 39. The record also reflects that Fanor presented all of his witnesses before the defense presented its case and, to the extent the witnesses were not in the order Fanor intended, the District Court explained to the jury the reason for the change in order.

Fanor also claims that the District Judge was frustrated by Fanor's mistakes in questioning witnesses and that the jury may have been negatively influenced. Fanor has not cited any portions of the transcript reflecting such frustration. He has not shown any error on the part of the District Court.

Finally, Fanor argues that summary judgment was improperly entered for the Newark Police Department in light of the evidence of reports of excessive force by Officer Alvarado. We disagree. Fanor did not produce evidence showing that the alleged deprivation of his constitutional rights was the result of a policy or custom of the Newark Police Department. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). To the contrary, as noted by the District Court, the Internal Affairs documents show that complaints of misconduct are investigated.

Fanor's remaining claims of error are without merit and do not warrant discussion. Accordingly, we will affirm the judgment of the District Court.[3]

---

[3]Fanor's motion to file a reply brief exceeding the permitted page limit is denied as his reply brief is in large part a reproduction of his opening brief.